Reese, J.
delivered the opinion of the court.
This is an action of assumpsit, for the price of two geldings, sold by the defendant in error, to the plaintiffs in error, and there is account, also, for money had and received. The plaintiffs in eiror pleaded, in short; 1st. Non-assumpsit: 2d. Accord and satisfaction: and, 3d. Payment; that is, by writing these words; followed by the signature of their counsel. The plaintiffs’ counsel subjoined the words, “replication and issue,” and[ signed his name. The jury were sworn to try the issue between the parties, and the verdict was, that the defendants did undertake and promise, in manner and form as the plaintiff in declaring had alledged, and assessed the plaintiff’s damages, *221 &c. And there was judgment thereon. The plaintiffs in error here insist, that the verdict is not a response to the pleas, but only to the first plea,' and that there is no response to the second and third pleas.
We are of opinion that, in this action of assumpsit, it was not necessary, that the verdict, in order to be effectual, should be, that the defendants did assume, did not accord with and satisfy, and did not pay the plaintiff. . Because the verdict, that they did assume, is in legal effect, in such an action, a negative to the allegation of accord and payment; for any evidence applicable to those pleas, would be alike applicable to the first plea of the general issue, and of course would be embraced by the verdict, responsive to such plea of the general issue. If the defendants had proved, on the trial, payment, or an accord and satisfaction, the jury could not with any legal propriety have responded in their verdict, that the defendants had assumed and undertaken as alledged in the declaration. There is no reason, therefore, in view of the state of the pleadings, and the legal effect of the verdict, to infer, orto apprehend that the jury may not have considered and passed upon all the evidence applicable to the defences set up in the plea. And when there is no such reason, policy and duty obviously require, that we should sustain verdicts, and the judgments rendered upon them.
Let the judgment, in this case, be affirmed.